```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```
_____

UNITED STATES OF AMERICA,

    Plaintiff,

                                 Cv. No. 04-2409-Ml/P

vs.                               Cr. No. 99-20071-Ml

                                 Cr. No. 99-20072-Ml

RODERICK KELLEY,

    Defendant.

_____

```
   ORDER DENYING MOTION TO AMEND OR SUPPLEMENT § 2255 MOTION
        ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
           ORDER DENYING CERTIFICATE OF APPEALABILITY
                              AND
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

On May 20, 2004, defendant, Roderick Kelley, Bureau of Prisons registration number 14289-076, an inmate at the Federal Correctional Center ("FCC") at Petersburg, Virginia, filed a motion[1] under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his convictions for violating 21 U.S.C. §§ 846 and 922(g).

I. PROCEDURAL HISTORY

On March 16, 1999, a federal grand jury returned a three-count indictment against Kelley in case no. 99-20071-Ml, charging him with conspiracy to possess approximately 1002 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count

---

[1] On May 4, 2005, Matthew W. Robinson was admitted to appear pro hac vice for the defendant. Counsel's appearance, however, does not affect the resolution of the motion or the petition of the defendant.

One), aiding and abetting in the attempted possession of approximately 1002 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count Two), and being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g).  Also on March 16, 1999, a federal grand jury returned a four-count indictment against Kelley in case no. 99-20072-Ml, charging him with one count of conspiracy to possess approximately 1221 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count One), aiding and abetting in the attempted possession of approximately 1221 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 846 (Count Two), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

On July 22, 1999, Kelley pled guilty pursuant to a written plea agreement to all three counts of case no. 99-20071-Ml and Counts One and Two of case no. 99-20072-Ml.  This Court conducted a sentencing hearing on September 14, 1999, at which time the Government filed a motion for a downward departure under United States Sentencing Guidelines ("USSG") § 5K1.1.  The Court granted the motion, sentencing Kelley to twenty-one years or two hundred fifty-two (252) months imprisonment, on Counts One and Two of case no. 99-20071-Ml, along with a ten year or one hundred twenty (120) month sentence of imprisonment on Count Three, to run concurrently with the sentence on Counts One and Two.  The Court imposed a sentence of twenty one years or two hundred fifty-two (252) months

imprisonment on Counts One and Two of case no. 99-20071-Ml, to be served consecutively to the sentence imposed in case no. 99-20071-Ml.[2]  Judgment was entered on September 16, 1999.  Kelley did not appeal.

Subsequently, on September 5, 2000, and December 21, 2001, the Government filed motions pursuant to Fed. R. Crim. P. 35 and 18 U.S.C. § 3553, based on Kelley's continuing assistance and cooperation.  On February 2, 2002, the United States District Judge Julia Gibbons granted the motions and imposed a sentence of 164 months imprisonment.  The amended judgment was entered on February 27, 2002.

Kelley appealed, contending that the Court erroneously considered factors other than Kelley's cooperation in determining the extent of departure.  The Sixth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction based upon its lack of authority to review the extent of the departure.  United States v. Kelley, No. 02-5333  (6th Cir. July 17, 2003).

Defendant's pro se motion raised the following claims:

1. The district court should have granted a reduction for acceptance of responsibility under USSG § 3E1.1;

2. The evidence was insufficient to sustain his convictions for drug trafficking and being a felon in possession of a weapon;

---

[2]  Prior to the downward departure, Kelley's sentencing range in both cases was thirty years or three hundred sixty (360) months, to life imprisonment.  The Court expressly denied a reduction for acceptance of responsibility pursuant to USSG §3E1.1 because Kelley continued to engage in his drug smuggling enterprise after his arrest on December 3, 1998 and stopped only when he was arrested for the second time on March 2, 1999.

  3. The sentence was based on an unconstitutional amendment to the indictment; and

  4. The government breached the plea agreement by failing to give Kelley full credit for his extensive cooperation.

II. MOTION TO AMEND

On April 6, 2005, Kelley, through counsel, filed a motion to amend his pending § 2255 petition with a claim that his sentence violates the principles enunciated in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), and Blakely v. Washington, 542 U.S. 296 (2004), based upon the holding of the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005).

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Sixth Circuit issued its decision on direct appeal on July 17, 2003, and Kelley's conviction became final ninety days later, on October 15, 2003, when the time for filing a petition for a writ of certiorari expired.

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted

4

to allow supplementation and clarification of claims initially raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742, at *3 (6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). Kelley's pro se motion filed on May 20, 2004 was timely. However, the time to amend to raise additional claims expired on October 15, 2004.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)("AEDPA"). Oleson, 2001 WL 1631828, at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[3]

The motion to amend filed on April 6, 2005, does not supplement the original claims of the petition; the motion raises additional claims. The motion and claims are untimely, and the issues therein are barred by the AEDPA statute of limitations.

To the extent that the motion to amend contends that Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), are "new rule[s] of constitutional law" which

---

[3] See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA" (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

entitle him to relief, such amendment would be futile, as Kelley cannot demonstrate that either case has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

Apprendi is not retroactively applicable to cases on collateral review.[4] Goode v. United States, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); see also Oleson, 2001 WL 1631828, at *3-*4 (district court did not abuse its discretion in denying motion to amend § 2255 motion to assert Apprendi claim because amendment would have been futile); Snyder v. United States, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001)(upholding

---

[4] During the time Kelley's case was on direct appeal, the applicable Sixth Circuit law held that Apprendi by its terms applied only where the finding "increases the penalty for a crime beyond the prescribed statutory maximum," 530 U.S. at 490, and not to the Guidelines. United States v. Lawrence, 308 F.3d 623, 634 (6th Cir. 2002)(citing United States v. Garcia, 252 F.3d 838, 843 (6th Cir. 2001)("Apprendi does not purport to apply to penalties in excess of any particular range or based on any particular offense level under the Sentencing Guidelines"); also citing United States v. Fields, 251 F.3d 1041, 1043-44 (D.C. Cir. 2001)("Apprendi does not apply to enhancements under the Sentencing Guidelines when the resulting sentence remains within the statutory maximum.")); see also United States v. Schulte, 264 F.3d 656, 660 (6th Cir. 2001) (rejecting contention that Apprendi should apply to guideline enhancements even where the statutory maximum is not exceeded).

> Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries--and without contradicting Apprendi.

Harris v. United States, 536 U.S. 545, 565 (2002). A fortiori, counsel was not ineffective for failing to raise an Apprendi claim on appeal.

6

dismissal of § 2255 motion because, <u>inter alia</u>, "<u>Apprendi</u> may not be applied retroactively"); <u>Jones v. United States</u>, 3 Fed. Appx. 262, 263-64 (6th Cir. Jan. 25, 2001)(directing district court to "determine whether <u>Apprendi</u> may be retroactively applied to this case under <u>Teague v. Lane</u>"); <u>United States v. Murray</u>, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001)(recalling mandate to permit application of <u>Apprendi</u> to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before <u>Apprendi</u> was handed down, the new rule would not be retroactively applicable" and that this action "involves a tiny subset of situations in which this court's decision has been entered, but has not yet become final due to a pending petition for rehearing en banc or for certiorari"); <u>see also</u> <u>In re Clemmons</u>, 259 F.3d 489 (6th Cir. 2001)(holding, on the basis of <u>Tyler v. Cain</u>, 533 U.S. 656 (2001), that <u>Apprendi</u> has not been "made retroactive to cases on collateral review by the Supreme Court", and, therefore, it may not form the basis for a second or successive § 2255 motion); <u>White v. Lamanna</u>, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002)(applying <u>Tyler</u> and <u>Clemmons</u> to deny consideration of an <u>Apprendi</u> issue raised in a petition pursuant to 28 U.S.C. § 2241); <u>Perkins v. Thomas</u>, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001)

(same).[5] Thus, Apprendi fails to provide Kelley with any basis for relief.

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court expressly stated that its holding in Blakely must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (6th Cir. 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

Accordingly, it would be futile to allow Kelley to amend or supplement his motion to vacate in order to seek retroactive

---

[5] These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to Apprendi. See Hamm v. United States, 269 F.3d 1247 (11th Cir. 2001); Dukes v. United States, 255 F.3d 912 (8th Cir. 2001); United States v. Moss, 252 F.3d 993, 996-1001 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000); cf. United States v. Smith, 241 F.3d 546 (7th Cir. 2001)(declining to decide whether Apprendi is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

application of <u>Jones</u>, <u>Apprendi</u>, <u>Ring</u>, and <u>Blakely</u> under the holding of <u>Booker</u>.  The defendant's motion is hereby DENIED.

III. <u>ANALYSIS OF REMAINING ISSUE IN § 2255 PETITION</u>

The motion to amend filed by counsel advised the Court that Kelley wished to withdraw all issues initially asserted in the <u>pro se</u> motion except Issue 1, counsel's provision of ineffective assistance by failing to appeal the Court's denial of the reduction for acceptance of responsibility.  The Court will proceed with its review and determination of that issue.

Defendant does not challenge the validity of his guilty plea.  Defendant recognizes that Issue 1 should have been raised on direct appeal and appealed to the Sixth Circuit.  Section 2255 can never be utilized as a substitute for an appeal.  <u>Sunal v. Large</u>, 332 U.S. 174, 178 (1947); <u>United States v. Walsh</u>, 733 F.2d 31, 35 (6th Cir. 1984).  Even claims of constitutional error that could have been raised on appeal are waived unless the defendant demonstrates cause and prejudice for that failure.  <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).  Defendant alleges that his attorney's ineffective assistance constitutes cause and prejudice.  However, defendant cannot demonstrate that he was prejudiced by his attorney's representation.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), establishes the standard for an ineffective assistance claim.  A petitioner must show:

    1.   deficient performance by counsel; and
    2.   prejudice to the defendant from the deficient performance.

9

Id. at 687. To demonstrate prejudice, a movant under § 2255 must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To demonstrate prejudice in the course of a conviction entered on a guilty plea, a movant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Additionally, in analyzing prejudice,

> the right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated.

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(citing United States v. Cronic, 466 U.S. 648, 658 (1984)). "Thus an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Lockhart, 506 U.S. at 369. In the context of sentencing, the court looks to whether the result of the sentencing proceeding was unfair or unreliable. Id. at 371.

A prisoner attacking his conviction bears the burden of establishing that he suffered some prejudice from his attorney's ineffectiveness. Lewis v. Alexander, 11 F.3d 1349, 1352 (6th Cir. 1993). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

10

defendant." Strickland, 466 U.S. at 697. An ineffective assistance claim based on counsel's failure to raise a particular defense requires as a threshold matter a showing that the defense is meritorious. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

Kelley alleges that:

> Even though [he] committed a second offense while the first offense was out there, he continually accepted his responsibility not only in the first case but in the second case as well. [Kelley] immediately both times gave confessions, corroborated, and he still continued to cooperate with the Drug Enforcement Administration Special Agent Able Collins. His cooperation was very fruitful to the government. Kelley entered a guilty plea when the government requested him to, he did not at any time cause the government to need to prepare their cases for trial against him. It was made clear to the government that Kelley chose to cooperate and admit and accept responsibility and agreed to plead guilty. Yes, [he] got caught with his hands in the cookie jar the second time, it was still fact that the government needed [his] help and the government agreed to allow him to cooperate, he had been very productive to the government not only in cases in Memphis, Tennessee, but also in helping two DEA agents from the San Antonio, Texas office special agent Jeff Atkinson and Scott Hanten, and the San Antonio AUSA Gregory D. Anderson.

(Kelley's motion, pp. 8-9) Kelley further contends that he is entitled to the point reduction because he meets the criteria of § 3E1.1.

Defendant was arrested for his drug trafficking activities in case no. 99-20071 on December 13, 1998. Although Kelley began cooperating with federal agents by providing information about the transportation of marijuana from Texas to Tennessee, he continued to engage in his drug smuggling enterprise and did not provide information about a delivery in February of 1999, which resulted in his arrest on March 2, 1999, and subsequent charges in case no. 99-

20072. At sentencing, the probation officer and the United States opposed the three level reduction citing United States v. Jeter, 191 F.3d 637 (6th Cir. 1999).

Kelley's counsel argued strenuously for the three level reduction during the sentencing hearing, relating Kelley's immediate confessions, corroboration, and productive cooperation. Counsel further noted Kelley's prompt entry of his guilty plea which did not require the government to prepare for trial. (Tr. Sentencing, pp. 10-11)

This Court ruled as follows:

> Now certainly, there will be and has been – there will be some recognition of Mr. Kelley's cooperation and recognition of the fact that he has not required the government to go to trial, and that will be in the Court's final analysis as to the appropriate sentence, but the purpose of acceptance of responsibility has been sometimes viewed certainly by me as a method of recognizing that not only has an individual verbalized that they accept responsibility, but what has that individual clearly demonstrated as to what he or she actually acknowledges is unacceptable conduct.
>
> Now, things that you consider are whether or not the individual has voluntarily terminated or withdrawn from criminal conduct or associations, and, of course, in this case, that's a problem. Continued to engage in criminal – continuing engagement in criminal conduct is a clear indication that the individual has not actually had a change in their mental processes as it affects their behavior. In other words, they haven't really decided that it is that bad. They have maybe decided that if it was really bad he would get caught, but they haven't become convinced that it was bad enough not to do it, and that tells you an awful lot about whether there is genuine acceptance of responsibility or not. I think the courts need to be careful about not allowing it when it is due and about allowing it when it is not due. I certainly agreed with the majority [in Jeter] with no disrespect at all to Judge Kennedy, and the conduct of the defendant in my view weighs in favor of a determination that no acceptance should be allowed, and I adopt the position as set out by [AUSA] Colthurst, who

>       is a very good writer, as I told him before, and I feel
>       very comfortable in adopting that position, because in
>       addition to what I have said that supplements the Court's
>       findings.
>
>       Mr. Kelley, you know it is a bad mistake to do what
>       happened, and we all know that and we're going to try to
>       deal with some of the other issues that remain reserved
>       in a minute, but this is not an appropriate case for
>       acceptance of responsibility.

(Tr. Sentencing, pp. 12-14)

The Court recognized that the entry of a guilty plea combined with truthfully admitting the conduct comprising the offense of conviction constitutes significant evidence of acceptance of responsibility under USSG § 3E1.1, app. Note 3.  Kelley is not, however, entitled to the reduction as a matter of right.  The fact that the defendant entered a guilty plea may be outweighed "by conduct of the defendant that is inconsistent with such acceptance of responsibility."  United States v. Webb, 335 F.3d 534, 538 (6th Cir. 2003).  Here, Kelley was aware of the government's interest in his criminal activities upon his arrest in December 1998, but chose to continue those activities until March 1999.  Kelley's admitted continuing drug activities were inconsistent with a finding of acceptance of responsibility.  USSG § 3E1.1, app. Notes 1(b) and 3.[6]

Kelley's allegations in support of this issue reiterate counsel's argument at sentencing and are comprised of facts and circumstances which were previously considered and rejected by the

---

[6]  The Court did not and does not diminish the importance of Kelley's continued cooperation and assistance to the government after his second arrest. However, his cooperation and assistance after his second arrest formed the basis for two separate and substantial reductions in his sentence.

Court. The defendant has failed to demonstrate any way in which he was prejudiced by the alleged failure of his attorney to raise this issue on appeal. Furthermore, defendant cannot demonstrate that the resulting sentence would have been different, because he cannot demonstrate that the Court would have exercised its discretion to grant the reduction for acceptance of responsibility due to his continued criminal conduct after his first arrest. Under Lockhart and Strickland, it is clear that the defendant cannot demonstrate any prejudice from his attorney's performance. Thus, his sentence was not fundamentally unfair or unreliable, and he has no Sixth Amendment claim.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, the court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's convictions and sentences are valid, and his motion is DENIED.

IV. APPEAL ISSUES

Consideration must also be given to issues that may arise if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion. Section 2255 now

incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA. The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause found in prior § 2253, which was essentially a codification of Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the defendant is clearly not entitled to amend his motion; he cannot seek retroactive application of Apprendi, Blakely, or Booker on collateral reveiw; and his Sixth Amendment claim is clearly without merit. Thus, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[7] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons that the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good

---

[7] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

16

faith.  It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and the defendant may not proceed on appeal <u>in forma pauperis</u>.

    IT IS SO ORDERED this 15th day of June, 2006.

                                      <u>/s/ Jon P. McCalla</u>
                                      JON PHIPPS MCCALLA
                                      UNITED STATES DISTRICT JUDGE